UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LUIS ORTIZ FIGUEROA,

    Petitioner,

v.                                        Case No: 5:24-cv-56-WFJ-PRL

WARDEN, FCC COLEMAN-
MEDIUM,

    Respondent.
_____

## ORDER DISMISSING CASE

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and is proceeding on his Petition. (Doc. 1).

### I.  BACKGROUND

In May of 2019, Petitioner pled guilty to one count of racketeer influenced and corrupt organizations act, in violation of 18 U.S.C. § 1962(d), and one count of brandishing firearms during and in relation to a crime of violence, in violation of 18 U.S.C § 924(c)(1)(A). *See* Case No. 3:18-cr-188-DRD-2 (D. Puerto Rico). Petitioner was sentenced to seventy (70) months' imprisonment for the RICO, followed by eighty-four (84) months for the firearms, to be served consecutively for a total term of 154 months' imprisonment. Petitioner did not appeal.

In April 2021, Petitioner filed a petition under 28 U.S.C. § 2241. *See* Case No.

5:21-cv-00209-WFJ-PRL (M.D. Fla). The case was dismissed due to Petitioner's failure to pay the filing fee or request to proceed as a pauper. *See id*. at Doc. 3.

In June 2021, Petitioner filed a second § 2241 petition. *See* Case No. 5:21-cv-00345-TPB-PRL (M.D. Fla). In that case, Petitioner challenged his federal conviction and sentence obtained in the District of Puerto Rico for the offense of "aiding and abetting [a] firearm." *See id*. at Doc. 3. Petitioner claimed his conviction and sentence should be vacated because the Supreme Court, in *United States v. Davis*, 139 S. Ct. 2319 (2019), recently held unconstitutional 18 U.S.C. § 924(c)(3)(B), under which he claims his sentence was enhanced for having committed a "crime of violence." *Id*. The Court dismissed the case, finding that 28 U.S.C. § 2241 was not available to challenge the validity of a sentence except on very narrow grounds not present in this case. *Id*.

On February 7, 2024, Petitioner filed his third § 2241 petition. (Doc. 1).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "savings clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful

opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id*. at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner claims that he is actually innocent of the § 924(c) offense, alleging "in order for the Petitioner to be charged and convicted of a 924(c) offence [sic], a

3

conviction for a violent crime is required." (Doc. 1 at 8). Petitioner argues his § 924(c) conviction is "invalid as a matter of law" because the government dismissed the violent crimes on his indictment, thus no underlying conviction for a crime of violence exists. *Id.*

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan,* 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, his claim is not cognizable under section 2241 because he challenges the validity of his sentence, not the execution of his sentence. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on March 4, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Luis Ortiz Figueroa, *pro se*